ORIGINAL

# In the United States Court of Federal Claims

No. 12-648C
Filed: March 7, 2014

FILED

MAR 7 2014

U.S. COURT OF
FEDERAL CLAIMS

* * * * * * * * * * * * * * *   *

DAVID ROWLAND MANUEL,    *

Plaintiff,    *

v.    *

UNITED STATES,    *

Defendant.    *

* * * * * * * * * * * * * * *   *

Pro Se Plaintiff; In Forma
Pauperis Application;
28 U.S.C. § 1915; Lack of
Subject Matter Jurisdiction.

**David Rowland Manuel**, Long Beach, CA, pro se.

**David F. D'Alessandris**, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were **Bryant G. Snee**, Acting Director, Commercial Litigation Branch, and **Stuart F. Delery**, Assistant Attorney General, Civil Division.

## ORDER

**HORN, J.**

Pro se plaintiff, David Rowland Manuel, filed a complaint in this court naming the "United States," and "Federal Student Aid U.S. Department of Education" as defendants.[1] In his complaint plaintiff requests an exemption from revised "legislation in Title 34 Code of Federal Regulations," which plaintiff alleges limits his eligibility to receive student financial assistance. Plaintiff alleges that, based on this revised legislation, recipients of federal financial aid are "limited and terminated after six semesters or 600% of receiving student aid grants or loans in the full amount," for post-secondary schools and college. Plaintiff claims that he attended Long Beach City College, Liberal Arts Campus, a community college in Long Beach, California, and that the legislation limited his eligibility for a Federal Pell Grant in the amount of $3,500.00 that was offered to him by the Financial Aid Office of his college for full-time attendance. Plaintiff attached to his complaint a Financial Aid Award Notification Letter, issued by Long Beach City College on May 29, 2012, to demonstrate that he was offered a Federal Pell Grant in the amount of $1,750.00 for the fall semester and another Federal Pell Grant in the amount of $1,750.00 for the spring semester. Plaintiff states this was

---

[1] In the caption of his complaint, plaintiff correctly names the United States as the defendant, but in the section of his complaint titled "Parties," plaintiff names "Defendant: Federal Student Aid U.S. Department of Education."

his "only proof for this case." Plaintiff also states in his complaint that he wishes to "remain permanently eligible for federal student aid." Plaintiff also references Title VI, Section 602 and Section 603 of the Civil Rights Act of 1964, which he states is "a *federal* law that supersedes all *federal administrative* laws of the U.S. Department of Education by *federal preemption* (Article 1 Section 8 Clause 18 and Article VI Clause 2 U.S. Constitution)." (emphasis in original). Plaintiff claims that "[t]his court has jurisdiction pursuant to 28 USC 1331 and 28 USC 1343," and that a "[f]ederal question arises pursuant to 28 USC 1491." Plaintiff also alleges that "[t]he venue is proper for this court pursuant to 28 USC 1391 because the Defendant is a United States federal department."

Along with his pro se complaint, plaintiff submitted an Application to Proceed In Forma Pauperis, asserting that he is unable "to pay all court fees," and requesting waiver of court costs and fees. His Application indicates that he is unemployed, and "[f]or the past 12 months . . . had received gifts of money in the amount of $700 each month from friends and/or relatives. $8,400 yearly." Plaintiff further states: "Also for the past 12 months I had received general relief payment aid from the Los Angeles County Department of public social services in the amount of $221 each month. Yearly total is $2,652." In his Application, plaintiff also asserts that he has not received any pensions, annuities, life insurance, rents, interest or dividends in the last twelve months, and he states he does not own real estate, stock, bonds, cash, savings or checking accounts, an automobile or any other valuable property.

In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) (2013) of the Rules of the United States Court of Federal Claims (RCFC), the statute at 28 U.S.C. § 1915 (2006) permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. The standard in 28 U.S.C. § 1915(a)(1) for in forma pauperis eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and, therefore, whether to allow a plaintiff to proceed in forma pauperis is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. See, e.g., Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 217-18 (1993); Fuentes v. United States, 100 Fed. Cl. 85, 92 (2011). In Fiebelkorn v. United States, the United States Court of Federal Claims indicated:

> [T]he threshold for a motion to proceed in forma pauperis is not high: The statute requires that the applicant be "unable to pay such fees." 28 U.S.C. § 1915(a)(1). To be "unable to pay such fees" means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute.

Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007); see also Hayes v. United States, 71 Fed. Cl. 366, 369 (2006). Although Mr. Manuel's income level and absence of

savings may qualify him for in forma pauperis status, as is discussed below, his complaint is dismissed for lack of jurisdiction in this court.

Defendant moved to dismiss plaintiff's complaint, pursuant to RCFC 12(b)(1) (2013), alleging that this court does not have subject matter jurisdiction to entertain Mr. Manuel's claims, as plaintiff "has not identified a source of law, separate from the Tucker Act, 28 U.S.C. § 1491, that creates a separate right to money damages." Moreover, defendant argues, "28 U.S.C. §§ 1331, 1343, and 1391 do not establish jurisdiction." Defendant further argues that "this court lacks jurisdiction pursuant to the Civil Rights Act of 1964." Although not explicitly raised by plaintiff, defendant also argues that "Mr. Manuel does not allege a contract with the United States," and contends that although Mr. Manuel attached a financial aid letter from Long Beach City College to the complaint, "[t]o the extent he may assert the existence of a contract based upon that letter, such a contract hypothetically would be with Long Beach City College, and not with the United States." To date, plaintiff has not responded to the government's motion to dismiss, although plaintiff has been allotted more time than provided to do so under the court's Rules.

## DISCUSSION

When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, pro se plaintiffs are entitled to liberal construction n of their pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977). "However, '"[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his [or her] pleading.'"" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011); Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9 and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.) ("Plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence."), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. 249, 253 (2007))).

It is well established that "'subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.'" Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)). "[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." Henderson ex rel. Henderson v. Shinseki, 131 S. Ct. 1197, 1202 (2011); see also Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." (citing Arbaugh v. Y & H Corp., 546 U.S. at 514)); Special Devices, Inc. v. OEA, Inc., 269 F.3d 1340, 1342 (Fed. Cir. 2001) ("[A] court has a duty to inquire into its jurisdiction to hear and decide a case." (citing Johannsen v. Pay Less Drug Stores N.W., Inc., 918 F.2d 160, 161 (Fed. Cir. 1990))); View Eng'g, Inc. v. Robotic Vision Sys., Inc., 115 F.3d 962, 963 (Fed. Cir. 1997) ("[C]ourts must always look to their jurisdiction, whether the parties raise the issue or not."). "The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y & H Corp., 546 U.S. at 506; see also Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1346 (Fed. Cir. 2008) ("[A]ny party may challenge, or the court may raise sua sponte, subject matter jurisdiction at any time." (citing Arbaugh v. Y & H Corp., 546 U.S. at 506; Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); and Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998))); Pikulin v. United States, 97 Fed. Cl. 71, 76, appeal dismissed, 425 F. App'x 902 (Fed. Cir. 2011). In fact, "[s]ubject matter jurisdiction is an inquiry that this court must raise sua sponte, even where . . . neither party has raised this issue." Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir.) (citing Textile Prods., Inc. v. Mead Corp., 134 F.3d 1481, 1485 (Fed. Cir.), reh'g denied and en banc suggestion declined (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. granted in part, 546 U.S. 975 (2005), cert. dismissed as improvidently granted, 548 U.S. 124 (2006).

Pursuant to the RCFC and the Federal Rules of Civil Procedure, a plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2013); Fed. R. Civ. P. 8(a)(1), (2) (2013); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 570 (2007)). "Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). "Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part)

4

(quoting C. Wright and A. Miller, Federal Practice and Procedure § 1286 (3d ed. 2004)). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

When deciding a case based on a lack of subject matter jurisdiction, this court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. See Erickson v. Pardus, 551 U.S. at 94 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-56 (citing Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 n.1 (2002))); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982), recognized by Davis v. Scherer, 468 U.S. 183, 190 (1984); United Pac. Ins. Co. v. United States, 464 F.3d 1325, 1327-28 (Fed. Cir. 2006); Samish Indian Nation v. United States, 419 F.3d 1355, 1364 (Fed. Cir. 2005); Boise Cascade Corp. v. United States, 296 F.3d 1339, 1343 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002), cert. denied, 538 U.S. 906 (2003).

The Tucker Act grants jurisdiction to this court as follows:

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (Supp. V 2011). As interpreted by the United States Supreme Court, the Tucker Act waives sovereign immunity to allow jurisdiction over claims against the United States (1) founded on an express or implied contract with the United States, (2) seeking a refund from a prior payment made to the government, or (3) based on federal constitutional, statutory, or regulatory law mandating compensation by the federal government for damages sustained. See United States v. Navajo Nation, 556 U.S. 287, 289-90 (2009); United States v. Mitchell, 463 U.S. 206, 216 (1983); see also Greenlee Cnty., Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2007), cert. denied, 552 U.S. 1142 (2008); Palmer v. United States, 168 F.3d 1310, 1314 (Fed. Cir. 1999).

"Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States. . . ." United States v. Mitchell, 463 U.S. at 216; see also United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003); Smith v. United

States, 709 F. 3d 1114, 1116 (Fed. Cir.), cert. denied, 134 S. Ct. 259 (2013); RadioShack Corp. v. United States, 566 F.3d 1358, 1360 (Fed. Cir. 2009); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d at 1343 ("[P]laintiff must . . . identify a substantive source of law that creates the right to recovery of money damages against the United States."). In Ontario Power Generation, Inc. v. United States, the United States Court of Appeals for the Federal Circuit identified three types of monetary claims for which jurisdiction is lodged in the United States Court of Federal Claims. The court wrote:

> The underlying monetary claims are of three types. . . . First, claims alleging the existence of a contract between the plaintiff and the government fall within the Tucker Act's waiver. . . . Second, the Tucker Act's waiver encompasses claims where "the plaintiff has paid money over to the Government, directly or in effect, and seeks return of all or part of that sum." Eastport S.S. [Corp. v. United States, 178 Ct. Cl. 599, 605-06,] 372 F.2d [1002,] 1007-08 [(1967)] (describing illegal exaction claims as claims "in which 'the Government has the citizen's money in its pocket'" (quoting Clapp v. United States, 127 Ct. Cl. 505, 117 F. Supp. 576, 580 (1954)) . . . . Third, the Court of Federal Claims has jurisdiction over those claims where "money has not been paid but the plaintiff asserts that he is nevertheless entitled to a payment from the treasury." Eastport S.S., 372 F.2d at 7. Claims in this third category, where no payment has been made to the government, either directly or in effect, require that the "particular provision of law relied upon grants the claimant, expressly or by implication, a right to be paid a certain sum." Id.; see also Testan [v. United States], 424 U.S. [392,] 401-02 [1976] ("Where the United States is the defendant and the plaintiff is not suing for money improperly exacted or retained, the basis of the federal claim-whether it be the Constitution, a statute, or a regulation-does not create a cause of action for money damages unless, as the Court of Claims has stated, that basis 'in itself . . . can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'" (quoting Eastport S.S., 372 F.2d at 1009)). This category is commonly referred to as claims brought under a "money-mandating" statute.

Ontario Power Generation, Inc. v. United States, 369 F.3d 1298, 1301 (Fed. Cir. 2004); see also Twp. of Saddle Brook v. United States, 104 Fed. Cl. 101, 106 (2012).

To prove that a statute or regulation is money-mandating, a plaintiff must demonstrate that an independent source of substantive law relied upon "'can fairly be interpreted as mandating compensation by the Federal Government.'" United States v. Navajo Nation, 556 U.S. at 290 (quoting United States v. Testan, 424 U.S. at 400); see also United States v. White Mountain Apache Tribe, 537 U.S. at 472; United States v. Mitchell, 463 U.S. at 217; Blueport Co., LLC v. United States, 533 F.3d 1374, 1383 (Fed. Cir. 2008), cert. denied, 555 U.S. 1153 (2009). The source of law granting monetary relief must be distinct from the Tucker Act itself. See United States v. Navajo

Nation, 556 U.S. at 290 (The Tucker Act does not create "substantive rights; [it is simply a] jurisdictional provision[] that operate[s] to waive sovereign immunity for claims premised on other sources of law (e.g., statutes or contracts)."). "'If the statute is not money-mandating, the Court of Federal Claims lacks jurisdiction, and the dismissal should be for lack of subject matter jurisdiction.'" Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting Greenlee Cnty., Ariz. v. United States, 487 F.3d at 876); Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (The absence of a money-mandating source is "fatal to the court's jurisdiction under the Tucker Act."); Peoples v. United States, 87 Fed. Cl. 553, 565-66 (2009).

In the case currently before the court, plaintiff indicates that he seeks an exemption from limitations on recipients of federal financial aid for college students by the revised legislation "in Title 34 Code of Federal Regulations." As noted above, plaintiff claims that the "new legislation of federal financial student aid passed on July 1, 2012," limits his "eligibility for federal financial student aid grant" to six semesters. Plaintiff asks for his eligibility to be reinstated permanently. The legislation plaintiff appears to reference is the Higher Education Act of 1965, Title IV, Part A, Subpart 1, Pub. L. 89-329, 79 Stat. 1219, which was amended, effective July 1, 2012, by section 309 of the Consolidated Appropriations Act of 2012, Pub. L. 112-74, 125 Stat. 786, 1100 (2011). The Higher Education Act, at section 401, codified at 20 U.S.C.A. § 1070a (2012), titled "Federal Pell Grants: amount and determinations; applications," governs eligibility to receive Pell Grants. The Consolidated Appropriations Act of 2012 reduced the maximum duration of a student's eligibility to receive Federal Pell Grants from eighteen full-time semesters to twelve full-time semesters.

In his request to be exempted from "the new Legislation in Title 34 Code of Federal Regulations," plaintiff conflates the statute and implementing federal regulations. The statute at 20 U.S.C.A. § 1070a(c)(5) revised the maximum duration of a student's eligibility to receive a Pell Grant from eighteen full-time semesters to twelve full-time semesters. In its current version, section 401(c)(5) of the Higher Education Act, codified at 20 U.S.C.A. § 1070a(c)(5), provides:

> The period during which a student may receive Federal Pell Grants shall not exceed 12 semesters, or the equivalent of 12 semesters, as determined by the Secretary by regulation. Such regulations shall provide, with respect to a student who received a Federal Pell Grant for a term but was enrolled at a fraction of full-time, that only that same fraction of such semester or equivalent shall count towards such duration limits.

20 U.S.C.A. § 1070a(c)(5).

Just as the statute at 20 U.S.C.A. § 1070a does not impose a six semester limitation on who may receive a Pell Grant, the applicable section of Code of Federal Regulations regarding Pell Grants also does not establish a six semester limitation, as plaintiff alleges. See, generally, 34 C.F.R. Part 690 (2013). Nowhere in Part 690 of Title 34 of the Code of Federal Regulations, which addresses the Pell Grant program,

does such a six semester limitation appear.  Moreover, as with 20 U.S.C.A. § 1070a, the regulations in Title 34 of the Code of Federal Regulations do not mandate compensation by the federal government for failure to obtain a Pell Grant, nor does the Pell Grant program itself establish entitlement for the federal fisc.  Rather, the statute and the regulations set guidelines for determination and administration of Pell Grants by educational institutions.  See 20 U.S.C.A. § 1070a(c)(5); 34 C.F.R. 690.61 (2013); 34 C.F.R. 690.71 (2013).  Therefore, the statute governing eligibility of the Pell Grants program is not money mandating statute and this court lacks jurisdiction to consider plaintiff's claim to be given a permanent waiver from the limitations on Pell Grant eligibility.

Plaintiff's complaint also states: "This court has jurisdiction pursuant to 28 USC 1331 and 28 USC 1343 . . . .  The venue is proper for this court pursuant to 28 USC 1391 because the Defendant is a United States federal department."  Section 1331 of Title 28 of the United States Code states: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331 (2006).  "'The United States Court of Federal Claims . . . is not a United States District Court and, therefore, does not have jurisdiction over claims arising under 28 U.S.C. § 1331.'"  Halim v. United States, 106 Fed. Cl. 677, 683 (2012) (quoting Hall v. United States, 69 Fed. Cl. 51, 56 (2005)); see also Mims v. Arrow Fin. Servs., LLC, 132 S. Ct. 740, 747 (2012) ("Congress granted federal courts general federal-question jurisdiction in 1875.  See Act of Mar. 3, 1875, § 1, 18 Stat. 470."); Faulkner v. United States, 43 Fed. Cl. 54, 55 (1999) (citing Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997)).  Moreover, as stated in DeVilbiss v. Small Business Administration, 661 F.2d 716 (8th Cir. 1981), Section 1331 is a jurisdictional statute that "do[es] not create any substantive right enforceable against the United States for money damages."  Id. at 718; see also Fry v. United States, 72 Fed. Cl. 500, 504-505 (2006) ("Section[] 1331 . . . of Title 28 of the United States Code only confer[s] jurisdiction on United States District Courts.  . . .  The United States Court of Federal Claims is not a 'district court,' within the meaning of . . . 28 U.S.C. § . . . 1331.") (citing 28 U.S.C. § 1331) (footnotes and additional citation omitted).  Furthermore, plaintiff's reliance on 28 U.S.C. § 1391 also fails.  As noted by defendant, "[t]his venue provision is also applicable only to the district courts." Section 1391 of Title 28 of the United States Code states "[e]xcept as otherwise provided by law—(1) this section shall govern the venue of all civil actions brought in district courts of the United States."  28 U.S.C. § 1391(a)(1) (2006); see also Cox v. United States, 105 Fed. Cl. 213, 218, appeal dismissed (Fed. Cir. 2012).

In his complaint, plaintiff also cites to "28 USC 1343," as well as "Title VI Section 602 and Section 603 of the Civil Rights Act of 1964," to support jurisdiction for his case in this court.  The statute at 28 U.S.C. § 1343 (2006) specifically provides that jurisdiction to adjudicate civil rights complaints resides in the United States District Courts.[2]  See Elkins v. United States, 229 Ct. Cl. 607, 608 (1981) ("[W]e do not have

---

[2] The statute at 28 U.S.C. § 1343 states, in part:

jurisdiction over claims based upon alleged violations of the civil rights laws.") (citation omitted); see also Wagstaff v. United States, 105 Fed. Cl. 99, 109 (2012); May v. United States, 104 Fed. Cl. 278, 284 (2012), aff'd, 534 F. App'x 930 (Fed. Cir. 2013); Hanes v. United States, 44 Fed. Cl. 441, 449 (1999), aff'd, 243 F.3d 562 (Fed. Cir.), reh'g denied (2000); Sanders v. United States, 34 Fed. Cl. 75, 80 (1995), aff'd, 104 F.3d 376 (Fed. Cir.), reh'g denied, in banc suggestion declined (Fed. Cir. 1996) (the general civil rights claims alleged are not based on any money-mandating provisions, and do not give rise to liability for the United States), cert. denied, 522 U.S. 831, reh'g denied, 522 U.S. 1036 (1997); Blassingame v. United States, 33 Fed. Cl. 504, 505, aff'd, 73 F.3d 379 (Fed. Cir. 1995), reh'g denied, cert. denied, 517 U.S. 1237 (1996).

Finally, Mr. Manuel requests an order from this court granting him a permanent exemption from the new legislation in "Title 34 Code of Federal Regulations." To the extent that Mr. Manuel is asking for declaratory relief, the United States Court of Federal Claims has limited jurisdiction to grant declaratory relief. As stated by the United States Court of Appeals for the Federal Circuit:

> The Court of Federal Claims has never been granted general authority to issue declaratory judgments, and to hold that the Court of Federal Claims may issue a declaratory judgment in this case, unrelated to any money claim pending before it, would effectively override Congress's decision not

---

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

to make the Declaratory Judgment Act applicable to the Court of Federal Claims.

Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d 714, 716-17 (Fed. Cir. 1998); see also United States v. Tohono O'Odham Nation, 131 S. Ct. 1723, 1729 (2011) (The United States Court of Federal Claims "has no general power to provide equitable relief against the Government or its officers."); Massie v. United States, 226 F.3d 1318, 1321 (Fed. Cir. 2000) ("Except in strictly limited circumstances, see 28 U.S.C. § 1491(b)(2), there is no provision in the Tucker Act authorizing the Court of Federal Claims to order equitable relief." (citing United States v. King, 395 U.S. 1, 4 (1969) ("cases seeking relief other than money damages from the court of claims have never been 'within its jurisdiction'") and Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed. Cir. 1990))); James v. Caldera, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[T]he Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'" (quoting Austin v. United States, 206 Ct. Cl. 719, 723 (1975), cert. denied, 423 U.S. 911 (1975)), reh'g denied (1999); Westlands Water Dist. v. United States, 109 Fed. Cl. 177, 192 (2013); Halim v. United States, 106 Fed. Cl. 677, 685 (2012); Smalls v. United States, 87 Fed. Cl. 300, 307 (2009); Pryor v. United States, 85 Fed. Cl. 97, 103 (2008) ("Apart from ordering relief under 28 U.S.C. §§ 1491(a)(2) or (b)(2), the Court of Federal Claims has no power to grant a declaratory judgment. . . . The Court of Federal Claims cannot adjudicate a complaint that seeks only declaratory relief." (citing Nat'l Air Traffic Controllers Ass'n v. United States, 160 F.3d at 717)). None of the exceptions which permit the United States Court of Federal Claims to grant declaratory relief apply to plaintiff. This court, therefore, does not have jurisdiction to grant plaintiff the declaratory relief that he requests.

The court notes that plaintiff is a frequent litigant in this and other federal courts, who has filed numerous defective complaints. For example, Mr. Manuel has filed two complaints in the United States Court of Federal Claims, both of which were dismissed for lack of jurisdiction. See Manuel v. United States, 78 Fed. Cl. 31 (2007) and Manuel v. United States, No. 08-329C (Fed. Cl. June 10, 2009). In addition to the complaints filed in this court, plaintiff also has filed at least seven previous complaints in the United States District Court for the Central District of California. See David Rowland Manuel v. The Presiding Judge, et al., 2:13-CV-00380 (C.D. Cal. Jan. 30, 2013) (Application to Proceed In Forma Pauperis, attached to the complaint, denied, as the complaint was "legally and/or factually patently frivolous.");[3] David Rowland Manuel v. People of the United States, 2:12-CV-619 (C.D. Cal. Feb. 1, 2012) (plaintiff sought "federal exemption

---

[3] Subsequently, Mr. Manuel appealed to the United States Court of Appeals for the Ninth Circuit. On April 24, 2013, the appeal was dismissed for lack of jurisdiction, because the "notice of appeal was not filed within 30 days after the district court's order entered on February 4, 2013." See David Rowland Manuel v. Presiding Judge, et al., No 13-55540 (9th Cir. Apr. 24, 2013) (citing 28 U.S.C. § 2107(a); United States v. Sadler, 480 F.3d 932, 937 (9th Cir. 2007)).

status from any statutes, regulations, ordinances by any federal, state, and local entity," and the court denied plaintiff's Application to Proceed In Forma Pauperis because the complaint was "legally and/or factually patently frivolous"); David Rowland Manuel v. Honorable Elihu M. Berle, et al., 2:10-CV-07869 (C.D. Cal. Nov. 4, 2010) (Application to Proceed In Forma Pauperis denied as the complaint was "legally and/or factually patently frivolous."); David Manuel v. People of the United States of Am., 2:07-CV-8171 (C.D. Cal. Jan. 31, 2008) (Application to Proceed In Forma Pauperis denied as the complaint was "legally and/or factually patently frivolous" and "District Court lacks jurisdiction"); David Manuel v. People of the United States of Am., 2:07-CV-2556 (C.D. Cal. May 8, 2007) (Application to Proceed In Forma Pauperis denied as the complaint was "legally and/or factually patently frivolous."); David Manuel v. People of the United States of Am., 8:04-CV-00675 (C.D. Cal. June 18, 2004) (The Application to Proceed In Forma Pauperis denied as the complaint was "legally and/or factually patently frivolous," noting that "[p]laintiff has failed to state a cognizable claim against anyone. He refuses to name any Defendants or state a viable cause of action. The allegations are 'fanciful, fantastic and delusional.'"); David Manuel v. People of the State of Cal., 2:03-CV-2864 (C.D. Cal. May 5, 2003) (Application to Proceed In Forma Pauperis denied as the application was "incomplete" and "[i]nadequate[ly] shows . . . indigence."). More recently, a District Court Judge from the Central District of California denied an Application by plaintiff to Proceed In Forma Pauperis. See Manuel v. Presiding Judge et al., 2:13-CV-06008 (C.D. Cal. Aug. 29, 2013). Plaintiff appealed to the Ninth Circuit, who indicated that "[o]ur review of the record confirms that appellant is not entitled to in forma pauperis status for this appeal because we find the appeal is frivolous. See 28 U.S.C. § 1915(a)." Manuel v. Presiding Judge et al., No. 13-56663 (9th Cir. Oct. 23, 2013). The Ninth Circuit gave a plaintiff an opportunity to pay the $455.00 filing fee to the District Court for the Central District of California and filing fees for the appeal, as well as proof of payment. Otherwise the Ninth Circuit stated, "the appeal will be dismissed by the Clerk for failure to prosecute, regardless of further filings," and informed plaintiff that "[n]o motions for reconsideration, clarification, or modification of the denial of appellant's in forma pauperis status shall be entertained." Id. Plaintiff failed to pay the requisite fees and the Ninth Circuit issued an order on November 21, 2013 dismissing the appeal "for failure to pay the docketing/filing fees in this case." Manuel v. Presiding Judge et al., No. 13-56663 (9th Cir. Nov. 21, 2013)

As in the other cases previously filed by the plaintiff in this court and other United States Federal Courts, the complaint under review by this court is frivolous, in that it is based on a non-existent statutory language and, like previous cases filed by this plaintiff, raises issues which are clearly not within the jurisdiction of this court. The United States Supreme Court explained in Neitzke v. Williams, 490 U.S. 319 (1989), that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." Id. at 325 (The Supreme Court also stated that the term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). The court may dismiss claims that are "based on an indisputably meritless legal theory" and "claims whose factual contentions are clearly baseless." Id. at 327 (the latter category encompassing scenarios that are "fantastic" and

"delusional"); see also Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); McCullough v. United States, 76 Fed. Cl. 1, 3 (2006), appeal dismissed, 236 F. App'x 615 (Fed. Cir.), reh'g denied (Fed. Cir.), cert. denied, 552 U.S. 1050 (2007); Schagene v. United States, 37 Fed. Cl. 661, 663 (1997), appeal dismissed, 152 F.3d 947 (Fed. Cir. 1998) (Table).

The statute, 28 U.S.C. § 1915(e)(2), governing proceedings in forma pauperis, authorizes federal courts to deny in forma pauperis status and to dismiss claims if the court determines that the claims brought by the pro se plaintiff are frivolous or malicious, or fail to state a claim on which relief may by granted. The statute at 28 U.S.C. § 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts" and "'to assure equality of consideration for all litigants.'" Neitzke v. Williams, 490 U.S. at 324, 329 (quoting Coppedge v. United States, 369 U.S. 438, 447 (1962)). Although plaintiff's numerous complaints have been fully and fairly reviewed by various federal courts, plaintiff has been found, multiple times, to have abused the judicial system and to have filed frivolous lawsuits.

## CONCLUSION

Based on the above, this court lacks jurisdiction to adjudicate the allegations raised in plaintiff's current complaint. Accordingly, plaintiff is denied in forma pauperis status, and defendant's motion to dismiss is **GRANTED**. Plaintiff's complaint is **DISMISSED**, with prejudice. Because plaintiff previously has filed more than three civil actions in federal courts which have been dismissed as frivolous, plaintiff is barred from filing any future complaints in forma pauperis pursuant to 28 U.S.C. § 1915 in this court. The Clerk of the Court shall enter **JUDGMENT** consistent with this Order and, accordingly, shall reject any future complaints filed by this plaintiff without the requisite filing fee.

**IT IS SO ORDERED.**

**MARIAN BLANK HORN**
**Judge**

12